```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ROBIN WALKER,

                       **ORDER ADOPTING REPORT**
                       **AND RECOMMENDATION**

           Plaintiff,

  -against-                    11-CV-2689 (KAM)(RML)

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, DORA B.
SCHRIRO, RICHARD LEINHARDT, LEWIS
FINKELMAN, ALAN VENGERSKY, and LARRY
DAVIS,

           Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On June 3, 2011, *pro se* plaintiff Robin Walker ("plaintiff"), a former Correction Officer with the New York City Department of Correction ("DOC") who retired in good standing in April of 2011, filed the instant action against the City of New York, DOC, Dora B. Schriro, Richard Leinhardt, Lewis Finkelman, Alan Vengersky, and Larry Davis (collectively, "defendants"). (*See generally* ECF No. 1, Compl.)  Plaintiff alleges that defendants unlawfully retaliated and discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; 42 U.S.C. § 1983 ("Section 1983"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101, *et seq.*  (*See* Compl. ¶¶ 42-87.)  On November 25, 2011, plaintiff filed an amended

complaint. (ECF No. 12, Am. Compl.)  Plaintiff's amended complaint specifically alleges that defendants unlawfully (1) provided her with a "Good Guy" recommendation letter, which included inaccurate medical information on attached form 4502BR, in order that plaintiff could apply for a gun permit with the New York City Police Department, (*See* Am. Compl. ¶¶ 18-20); and (2) denied plaintiff's request to have her DOC shield number "retired" from service, (*Id.* ¶¶ 39-40), in retaliation for plaintiff having previously filed discrimination complaints and lawsuits against the DOC.

On March 14, 2012, defendants moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (*See* ECF No. 19-6, Mem. of Law in Supp. of Defs.' Mot. to Dismiss Am. Compl. at 1, 6.)  On March 19, 2012, the court referred defendants' motion to Magistrate Judge Robert M. Levy for a Report and Recommendation.  (*See* Order Referring Mot., Mar. 19, 2012.)  On February 7, 2013, Judge Levy issued a Report and Recommendation recommending that the court grant defendants' motion and dismiss plaintiff's amended complaint in its entirety. (*See* ECF No. 27, Report and Recommendation ("R&R") at 11.)  The Report and Recommendation also informed the parties that any objections to the report must be filed within fourteen (14) days of receipt of the report. (*See* R&R at 11-12 (citing 28

U.S.C. § 636(b)(1).) On February 22, 2013, Judge Levy's chambers mailed a copy of the Report and Recommendation to plaintiff via first class mail. (*See* court-only notation dated Feb. 22, 2013, Docket No. 12-CV-2689.) Therefore, allowing three days for delivery of the Report and Recommendation, the deadline for plaintiff to file objections to the report was March 11, 2013. To date, no objections to the Report and Recommendation have been filed. (*See generally* Docket No. 11-CV-2689.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Levy's well-reasoned Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Accordingly, plaintiff's amended complaint is dismissed in its entirety, and judgment should be entered in favor of defendants.

The court is nevertheless concerned that, on the basis of the record, plaintiff's Form 4502BR does in fact erroneously note that plaintiff received treatment for an adjustment order in 2004, rather than in 2001. (*See* ECF No. 19-3, Form 4502BR, Mot. to Dismiss Am. Compl. Ex. B.) Defendants do not dispute plaintiff's claim that she was actually treated in 2001, not in 2004. (*See generally* Mot. to Dismiss Am. Compl.) Further, plaintiff has correctly noted that in conjunction with submitting the current Form 4502BR, plaintiff's obligation to truthfully disclose and detail her psychiatric treatment history in her Handgun License Application would require her to submit conflicting information as to the treatment dates relating to her psychiatric history. (*Compare* ECF No. 20, Mem. in Opp. to Mot. to Dismiss Ex. G, at 5, question 21, *with* Form 4502BR.) Therefore, the court hereby orders that no later than March 20, 2013 defendants shall provide plaintiff with an amended Form 4502BR which correctly notes 2001 as the year in which plaintiff received treatment for an adjustment disorder. The court will defer the entry of judgment until defendants file proof of service of an amended Form 4502BR upon plaintiff.

Defense counsel is directed to serve a copy of this order upon plaintiff at her address of record on the docket and file proof of service on the docket via ECF no later than March 14, 2013.

**SO ORDERED.**

Dated:  March 13, 2013
        Brooklyn, New York

                                         _____ _/s/_____
                                         Kiyo A. Matsumoto
                                         United States District Judge